United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PanTerra Networks, Inc., | NO. C 10-01347 JW |
| Plaintiff, | **ORDER DENYING TEMPORARY RESTRAINING ORDER** |
| v. | |
| Does 1-15, | |
| Defendants. | |

Presently before the Court is Plaintiff's request for a Temporary Restraining Order.[1] Plaintiff seeks an order enjoining Defendants from gaining unauthorized access to and distribution of confidential, proprietary and trade secret information from Plaintiff's computer systems and directing Defendants to return all information unlawfully accessed, downloaded or otherwise obtained from Plaintiff. (Id. at 12.)

A temporary restraining order may be issued if a plaintiff has established: (1) a likelihood of success on the merits and the possibility of immediate irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips heavily in its favor. See Metro Publ'g, Ltd. v. San Jose Mercury News, 987 F.2d 637, 639 (9th Cir. 1993).

---

[1] (Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions and Damages, hereafter, "Complaint," Docket Item No. 1.) Plaintiff did not file a formal motion seeking a Temporary Restraining Order, but instead requests the Order in the context of a Complaint. However, the Court construes the request in the Complaint as a motion for Temporary Restraining Order.

1  Here, Plaintiff seeks to enjoin certain activities of fifteen unnamed, and otherwise
2  unidentified, Defendants. The Court finds that Plaintiff cannot establish any likelihood of success
3  on the merits without identifying even a single Defendant. Since Plaintiff does not sufficiently
4  establish any likelihood of success on the merits, the Court finds that a temporary restraining order is
5  not appropriate at this time.

6  Accordingly, the Court DENIES Plaintiff's request for a Temporary Restraining Order. The
7  Court invites Plaintiff to file a proper Motion for a Temporary Restraining Order once one or more
8  Defendants have been identified and named.[2]

10 Dated: April 2, 2010

JAMES WARE
United States District Judge

---

[2] It is worth noting that even if the Court were to issue a TRO, the Court would not be able to structure any form of enjoinment on unknown or non-entities.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel D. Harshman dharshman@cozen.com

**Dated:  April 2, 2010**                                        **Richard W. Wieking, Clerk**

                                                                                **By:      /s/ JW Chambers            **
                                                                                       **Elizabeth Garcia**
                                                                                       **Courtroom Deputy**